83,337-01

Kephren Thomas
%#15007398
KT-3B
P.O. Box 660334
Dallas, TX 75266

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 05 2015

Abel Acosta, Clerk

ATTN: Abel Acosta, Clerk
% Court of Criminal Appeals of Texas

RE: MISSING PAGES IN WRIT OF PROHIBITION NUMBER

MR Acosta,

Enclosed is a missing page to my petition for writ of prohibition / mandate for writ no.

I inadvertently forgot to put that page in. Please excuse the oversight.

Thank you for your assistance in this matter.

RESPECTFULLY,
/s/ Kephren Thomas

# In The Court Of Criminal Appeals State Of Texas

Kephren Thomas
    Relator,

    v

Judge Rick Magnus
    Respondent.

No.
(To Be Supplied By Court Clerk)

Superior Court Cause/
Indictment No F1551945

## Points & Authoraties In Support Of Writ Of Prohibition/Mandate

### I
### Writ Of Mandate Is The Proper Vehicle To Compel The Court To Rule In Accordance With The Law

Mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the courts jurisdiction State ex rel Millsap v Lozano. In the context of Mandamus proceedings, the term "void" has sometimes been used to describe orders that merely fall outside the dictates of statutory or decisional law, even though they may have been within the power of the court to make [see Ex Parte Gray, 649 SW 2d 640, 642-643 (Tex Crim App 1983) - mandamus based on courts failure to follow law rather than on courts lack of authority to enter order; Ex Parte Smith, 624 SW 2d 671, 673 (Tex. App. Beaumont 1981, no writ) - violation of long-standing case law held to be act exceeding courts jurisdiction].
This is precisely the issue Relator is raising in this brief Decisional & Constitutional Law requires a criminal defendant be granted Pro Se status when there has been a clear assertion of rights. This occurred May 1, 2015

### II
### Writ of Prohibition Is The Proper Vehicle To Prevent A Future Act From Taking Place

Relator has moved the Court to dismiss counsel & requested he be removed from Relator's case. The court refuses to dismiss counsel & is forcing Relator to go to trial with an attorney that admitted an actual conflict of interest & bias. Prohibition as proper remedy to prevent commission of future act rather than to undo act already performed State ex rel Millsap v Lozano, 692 SW 2d 470, 482 FN 19 (Crim App 1985) Prohibition as remedy by which superior courts prevent inferior tribunals, officers, or persons from usurping or exercising jurisdiction they do not possess. Le Blanc v Gist 603 SW 2d 841, 843 (Crim App 1980); State ex rel Vance v Clawson 465 SW 2d 164, 168 (Crim App 1971)

### III
### The Court Has A Ministerial Duty To Relieve Counsel Appoint Relator As Counsel & Nothing Was Left To Exercise Not Discretion or Judgement

An action is considered ministerial when the law clearly spells out a duty to be performed with such certainty that nothing is left to exercise discretion or judgement (Texas Dept of Corrections, Etc v Dalehite 623 SW2d 420, 424 (Crim App 1981) & mandamus is appropriate when only one proper order may be entered (State ex rel Holmes v Denson, 671 SW 2d 896, 899 (Crim App 1984).
In the case at bar there are two (2) issues The first one is whether or not counsel should have been dismissed Relator filed a Motion to Dismiss Counsel with the court because counsel completely denied Relator his Constitutional Right to Assistance of Counsel. Mr Duplantis allowed false evidence to be used to Indict Relator, failed to ensure Relators Statutory Rights at Grand Jury, failed to file motions, failed to have Pro Se motions heard, only seeks plea agreement, sent Relator on dry run, refuses to respond to Relators mail, refuses to meet with Relator or familiarize himself